# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, LAS ANIMAS COUNTY, COLORADO<br>200 E. 1st Street<br>Trinidad, CO 81082 | DATE FILED<br>April 8, 2025 1:50 PM<br>FILING ID: 5379F89747FD1<br>CASE NUMBER: 2025CV30023 |
| **Plaintiffs:** STEVE WIGGINS, an individual; and BRANDILYNN GREIG, an individual<br><br>v.<br><br>**Defendants:** ENDLESS CONCEPTS CONTRACTING, LLC, a Missouri limited liability company d/b/a BOSS HOG CONTRACTING; and BOSS HOG BARNDOMINIUMS LLC, an Indiana limited liability company | ▲COURT USE ONLY▲<br><br>Case Number: _____<br><br>Division: _____ |
| *Attorneys for Plaintiffs:*<br>Ivan A. Sarkissian, #28817<br>Tyler M. Campbell, #51512<br>McConaughy & Sarkissian, P.C.<br>4725 S. Monaco Street, Suite 200<br>Denver, CO 80237<br>Telephone:     (303) 649-0999<br>Facsimile:      (303) 649-0990<br>isarkissian@mslawpc.com<br>tcampbell@mslawpc.com | |
| **COMPLAINT & JURY DEMAND** | |

Plaintiffs, Steve Wiggins and BrandiLynn Greig, by and through their attorneys, McConaughy & Sarkissian, Professional Corporation, hereby submit their Complaint and Jury Demand as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs, Steve Wiggins and BrandiLynn Greig ("Plaintiffs"), are the owners of the real property located at 22968 Elk Trail, Aguilar, Colorado 81020 (hereinafter "Property").

2. Defendant, Endless Concepts Contracting, LLC d/b/a Boss Hog Contracting

("Endless"), is registered as a limited liability company with the Missouri Secretary of State, with is principal place of business located at 21027 State Highway 76 Cassville, Missouri 65625-8920.

3. Defendant, Boss Hog Barndominiums LLC ("Boss Hog"), is registered as a limited liability company with the Indiana Secretary of State, with is principal place of business located at 1297 Silver Ridge Lane, Brownsburg, Indiana, 46112.

4. This Court has jurisdiction over this civil action pursuant to C.R.S. § 13-1-124(1)(a), (b), and (c) because the acts at issue here were committed in, and the Property at issue is located in, Las Animas County, Colorado. Venue is also proper in this judicial district pursuant to C.R.C.P. 98 since the Property is located in Las Animas County, Colorado.

5. All conditions precedent to bringing this action have been performed, waived, or have otherwise been satisfied or has occurred.

6. Plaintiffs have complied with C.R.C.P. 16.1 by filing a District Court Civil Cover Sheet for Initial Pleading of Complaint and Notice to Elect Exclusion from C.R.C.P. 16.1 Simplified Procedure. Plaintiffs further state that this case is not subject to the simplified procedures for court actions under C.R.C.P. 16.1 because their claims exceed $100,000.

## GENERAL ALLEGATIONS

7. Plaintiffs entered into a General Contractor to Client Construction Agreement ("Agreement") with Endless on May 16, 2024, in which Defendant agreed to construct a home on the subject Property in accordance with the Contract Documents ("Project"), as defined therein.

8. The Agreement provided that Endless would provide services, including the constriction of a full turn-key / move-in ready build to Plaintiffs' satisfaction.

9. The Agreement further provided that Endless, as the contractor, would select and pay all supervisors and subcontractors to fulfill the services to completion.

10. As part of the Agreement, Plaintiffs were to acknowledge that they agreed to hire Boss Hog to complete the general contracting for the Project and that this entity would provide a quote for completion of the Project.

11. As part of the Agreement, Defendants represented that completion of the Project would be quick based on Defendants' retention of a qualified team and anticipated completion within one calendar year.

12. Pursuant to this agreement, Defendants and their agents began construction on the Project in June 2024.

2

13. After breaking ground, work on the project halted when Defendants and their agents were unable to source sufficient labor and contractors to continue work.

14. Plaintiffs were informed that the contractor who started work on the Project was fired and that a new contractor would need to be sourced.

15. After the original contractor was fired, it was discovered by both Plaintiffs and Defendants that said contractor had billed for work previously completed by Plaintiffs and at Plaintiffs' expense. Plaintiffs have received no credit for this fraudulent billing.

16. A replacement contractor was not sourced by Defendants until the late fall of 2024.

17. The replacement contractor alleged that all work performed by the initial contractor was done in a non-compliant manner and proceeded to demolition all work completed. During this demolition, the replacement contractor destroyed other work, outside the scope of the work performed by Defendants and their agents, including the destruction of the roadway and building pad constructed by Plaintiffs.

18. Defendants' replacement contractor abandoned the Project after one week, leaving the work completed by Defendants and their agents, as well as the work completed by Plaintiffs, destroyed and unusable.

19. Since the replacement contractor's abandonment of the Project, Defendants have refused to find additional contractors, repair the damage done, or meet with Plaintiffs regarding the damage caused.

20. During this time, Defendants' provided financing is incurring interest, costs, and full repayment is coming due. With no useable work having been performed and no completed structure Plaintiff has been and will be damaged by Defendants lack of progress on the Project.

21. Defendants, as general contractors, had a nondelegable duty to exercise reasonable control and supervision over all construction activities related to the Project and to act reasonably in selecting qualified contractors and subcontractors, and in quality checking and approving such work. They also had a nondelegable duty to ensure that such work was done in a good and workmanlike manner and in accordance with all applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements.

22. Plaintiffs are informed, believe, and thereon allege that the work completed to date by Defendants and their agents breached these duties. Plaintiffs further allege that Defendants failed to act reasonably in their selection and oversight of contractors and subcontractors. Finally, Plaintiffs allege that the work completed to date by Defendants and their agents was not done in a good and workmanlike manner and in accordance with all applicable

3

plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements.

23. As a result of the Defendants' failures to meet these obligations, Plaintiffs have sustained damages including, but not limited to, property damage, past and future repairs, mitigation costs, loss of use of all, loss of use of applicable product warranties, attorneys' fees, litigation costs, and other damages.

24. Plaintiffs are informed, believe, and thereon allege that Defendants either knew or should have known that their failure to follow these reasonable standards and duties would result in significant damage to the Property and the Project, and that construction would not result in the Project being constructed in a good and workmanlike manner, that construction would not comply with applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements, and that construction would not be fit for its reasonably anticipated use.

25. At all times relevant herein, Defendants knew or should have known that their failure to follow the applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements constituted adverse material facts and information that should have been disclosed to Plaintiffs. It was foreseeable to Defendants that Plaintiffs would rely upon statements, representations, concealments, and non-disclosures by Defendants.

26. Plaintiffs are informed, believe, and thereon allege that Defendants participated in, cooperated with, directed, sanctioned, conceived, authorized, and/or otherwise implemented marketing and advertising that misrepresented its services, experience, and qualifications of that for themselves and their subcontractors in construction of like Projects. Specifically, Defendants represented or caused to be represented that they were qualified to supervise and construct the Project in conformance with the applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements. Defendants further represented that they offered everything under one roof, including financing, a skilled team to handle every aspect of construction, and a network of reliable builders.

27. Plaintiffs are informed, believe, and thereon allege that Defendants misrepresented their quality, suitability, and qualifications of themselves and their agents. Plaintiffs are informed, believe, and thereon allege that Defendants misrepresented the quality, condition, suitability, and fitness of the work performed by them and their agents. The work that was completed at the Project was not done in compliance with the applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements, was not constructed in a good and workmanlike manner, nor was it constructed to be suited for its reasonably anticipated use.

## FIRST CLAIM FOR RELIEF
(Negligence)

28. Plaintiffs incorporate the allegations in paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiffs are informed, believe, and thereon allege that Defendants had a non-delegable duty to Plaintiffs to select qualified contractors and subcontractors, and supervise, improve, and construct the Project in a reasonable and non-negligent manner including, but not limited to, supervising, improving, and/or constructing the Residence according to all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements applicable to the construction of the Residence.

30. Defendants' nondelegable duty of care included the duty to ensure that all construction was performed in a good and workmanlike manner and suited for its reasonably anticipated uses.

31. Defendants breached their nondelegable duty to Plaintiffs by failing to select qualified subcontractors and/or by failing to properly supervise, improve, and/or construct the Project in a reasonable and non-negligent manner including, but not limited to, failing to supervise, improve, and/or construct the Project according to all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements applicable to the Project, and failing to design and construct the Project in a good and workmanlike manner, resulting in construction defects, non-compliant work, and damage to prior work.

32. The negligence of Defendants in relation to the construction of the Project has damaged the Project and caused, and continues to cause, Plaintiffs resultant and consequential property and other damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Negligence *Per Se*)

33. Plaintiffs incorporate the allegations in paragraphs 1 through 32 as if fully set forth herein.

34. Defendants owed Plaintiffs a nondelegable duty to cause the Project to be developed and constructed in accordance with applicable statutes, ordinances, and building codes.

35. Defendants violated these statutes, ordinances, and/or building codes by failing to develop and/or construct the Project in accordance with these statutes, ordinances, and/or building codes.

36. One of the purposes of these statutes, ordinances, and building codes was to protect against the type of damages sustained by Plaintiffs.

37. Plaintiffs are a member of the group of persons these statutes, ordinances, and building codes were intended to protect.

38. Defendants' violation of these statutes, ordinances, and/or building codes constitutes negligence *per se*.

39. Defendants' violation of these statutes, ordinances, and/or building codes damaged Plaintiffs in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
(Breach of Warranty)

40. Plaintiffs incorporate the allegations in paragraphs 1 through 39 as if fully set forth herein.

41. Defendants warranted to Plaintiffs that the Project would be built in a good and workmanlike manner, would fit for its intended use, would be free from defects, and comply with all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, and/or government agency requirements applicable to the construction of the Residence. These warranties were intended to benefit Plaintiffs.

42. Defendants breached their warranties since the Project was not constructed in a workmanlike manner, is not suitable for its intended use, is not free from defects, and does not comply with all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, and/or government agency requirements applicable to the construction of the Residence.

43. Because of the aforementioned breaches, Plaintiffs have and will continue to be damaged in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
(Breach of Contract)

44. Plaintiffs incorporate the allegations in paragraphs 1 through 43 as if fully set forth herein

45. Plaintiffs contracted with Defendant, Endless, to serve as the general contractor for the Residence.

46. Contained in the Agreement was an express intent to benefit Defendant, Boss Hog, as the Plaintiffs were obligated to hire "Boss Hog Barndominiums LLC to complete the general

contracting[.]"

47. Defendants materially breached the Agreement by, among other things, failing to fulfill the entirety of the Agreement, failing to select qualified supervisors and subcontractors for the Project, failing to properly supervise the Project, and failing to complete the Project to the utmost satisfaction of the Plaintiffs.

48. The damages incurred by Plaintiffs were proximately caused by Defendants' breach of the terms of the Agreement including, but not limited to, failure to comply with the Contract Documents, applicable codes, standards, and regulations, as well as to perform its work in a workmanlike manner.

49. Defendants are directly or indirectly responsible and legally liable for the defects, deficiencies, and outright destruction of property that has caused, and continue to cause, actual property damage, resultant and consequently property and other damages, and all other losses requiring the necessity to repair or replace the defective and deficient work of Defendants as a direct result of its breach of the Agreement.

## **FIFTH CLAIM FOR RELIEF**
(Negligent Misrepresentation or Nondisclosure)

50. Plaintiffs incorporate the allegations in paragraphs 1 through 49 as if fully set forth herein.

51. Defendants made representations or permitted representations to be made to Plaintiffs. Alternatively, Defendants failed to disclose or caused the failure to disclose certain material facts, as more fully set forth above, when Defendants had a duty to disclose these facts.

52. Said misrepresentations and/or failures to disclose include, but are not limited to, the following:

   a. Misrepresentations and/or failures to disclose information regarding the work being performed and to be performed would be done in a good and workmanlike manner;
   b. Misrepresentations and/or failures to disclose information regarding the rate at which work would be performed and the timeframe for completion;
   c. Misrepresentations and/or failures to disclose information regarding the qualifications of Defendants and their hands-on approach to the Project;
   d. Misrepresentations and/or failures to disclose information regarding the network and qualifications of Defendants' contractors; and/or
   e. Misrepresentations and/or failures to disclose information regarding the Defendants' ability to modify, delay or stall payments on the construction loan.

53. These representations were made orally and/or in writing, including through advertising materials, sales documentation, and invocation of the "Boss Hog Barndominium brand" as a contract term.

54. The representations made by Defendants were material and were, in fact, false. The Residence was not built in a good and workmanlike manner, according to plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, and/or government agency requirements applicable to the construction of the Residence, nor was it free from defects or built for its intended purpose. Moreover, Defendants and their contractors did not possess the experience or qualifications to construct the Residence, nor were they able to or intend to do so in the time frame represented.

55. With reckless disregard, Defendants caused or permitted the foregoing information to be communicated to Plaintiffs or omitted proper communication to Plaintiffs while knowing that said information was material and that the representations were false or improperly withheld.

56. Defendants had a duty to disclose the adverse material facts or information in an understandable and clear manner. Defendants' representatives were false and their failure to disclose adverse material facts or information was done with the intent that Plaintiffs would rely on such information.

57. Defendants negligently failed to disclose this information when it knew or should have known that the undisclosed facts would have caused Plaintiffs to act different than they did.

58. Plaintiffs reasonably relied on the information provided to them and reasonably relied on the fact that Defendants would provide them with adverse material facts or information. Because of said reliance, Plaintiffs have been and will continue to be damaged in an amount to be proven at trial.

59. In causing or permitting the foregoing information to be communicated to Plaintiffs, Defendants failed to exercise reasonable care or competence in obtaining or communicating information to Plaintiffs and, in so doing, acted negligently.

60. Plaintiffs reasonably relied on the information provided by Defendants. Because of said reliance, Plaintiffs have been and will be damaged in an amount to be proven at trial.

61. As a result of Defendants' misrepresentations and/or nondisclosures, along with Plaintiffs' reliance thereon, Plaintiffs have been and will continue to be damaged in an amount to be proven at trial.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that judgment enter against Defendants on their behalf and as applicable to the separate claims made against Defendants:

1. For Plaintiffs' actual damages, costs of suit, fees of experts, including engineering and construction experts, interest as permitted by law from the date of occurrence to the date of entry of judgment, as well as pre-judgment and post-judgment interest until paid;

2. For the cost of repairing the Project to a reasonably good condition;

3. For the cost of the replacement of any defective construction elements;

4. For the costs and expenses incurred for storage charges and cleaning costs incurred as a result of remediation;

5. For damages related to Plaintiffs' loss of use of the Project;

6. For the reasonable costs of rental during the reasonable periods of loss of use;

7. For costs and attorneys' fees pursuant to any applicable statute, law or contract; and

8. For all annoyance, discomfort, inconvenience, and aggravation arising from the injury to the Project and any required investigation and repair efforts.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 8th day of April, 2025.

        Respectfully submitted,

        McCONAUGHY & SARKISSIAN
        Professional Corporation

        SIGNATURE ON FILE WITH MCCONAUGHY & SARKISSIAN, P.C.

        By: */s/ Tyler M. Campbell*
            Ivan A. Sarkissian, #28817
            Tyler M. Campbell, #51512

        *Attorneys for Plaintiffs*

Plaintiffs' address:
22968 Elk Trail
Aguilar, CO 81020