# EXHIBIT E

## Register of Actions

| | |
|---|---|
| Filed by Plaintiff/Petitioner | **Case Number:** 2025CV030023 |
| Filed by Defendant/Respondent | **Case Type:** Negligence |
| Filed by Court | **Case Caption:** Wiggins, Steve et al v. Endless Concepts Contracting LLC et al |

**Division:** D
**Judicial Officer:** Pierce L Fowler
**Court Location:** Las Animas County

| Filing ID | Date Filed | Authorizer | Organization | Filing Party | Document | Document Title | Document Security |
|---|---|---|---|---|---|---|---|
| F3BE9590DE66F | 05/09/2025 9:48 AM | Tyler M Campbell | McConaughy and Sarkissian PC | Steve Wiggins, Brandilynn Greig | Return of Service | Return of Service - Amanda Ross Served on Behalf of Endless Concepts Contracting, LLC d/b/a Boss Hog Contracting on May 1, 2025. Response Due June 5, 2025. | Public |
| 2486700A6F28E | 05/02/2025 1:35 PM | Tyler M Campbell | McConaughy and Sarkissian PC | Steve Wiggins, Brandilynn Greig | Return of Service | Return of Service - Boss Hog Barndominiums Served w/ Summons, Civil Cover Sheet and Complaint in Indianapolis, IN on April 22, 2025. Response Due May 27, 2025. | Public |
| 5379F89747FD1 | 04/08/2025 1:50 PM | Tyler M Campbell | McConaughy and Sarkissian PC | Steve Wiggins, Brandilynn Greig | Complaint w/Jury Demand | Complaint w/Jury Demand | Public |
| | | | | | Civil Case Cover Sheet | Civil Case Cover Sheet | Public |
| | | | | | Summons | District Court Civil Summons - Endless Concepts Contracting, LLC d/b/a Boss Hog Contracting | Public |
| | | | | | Summons | District Court Civil Summons - Boss Hog Barndominiums LLC | Public |

## Party Information

| Party Name | Party Type | Party Status | Attorney/Paraprofessional Name |
|---|---|---|---|
| Boss Hog Barndominiums Llc | Defendant | Active | N/A |
| Boss Hog Contracting | DBA | Active | N/A |
| Brandilynn Greig | Plaintiff | Active | IVAN AREK SARKISSIAN (McConaughy and Sarkissian PC) TYLER M CAMPBELL (McConaughy and Sarkissian PC) |
| Endless Concepts Contracting Llc | Defendant | Active | N/A |
| Steve Wiggins | Plaintiff | Active | IVAN AREK SARKISSIAN (McConaughy and Sarkissian PC) TYLER M CAMPBELL (McConaughy and Sarkissian PC) |

<table>
<tr><td>

DISTRICT COURT, LAS ANIMAS COUNTY,
COLORADO
200 E. 1st Street
Trinidad, CO 81082

---

**Plaintiffs:** STEVE WIGGINS, an individual; and
BRANDILYNN GREIG, an individual

v.

**Defendants:** ENDLESS CONCEPTS CONTRACTING,
LLC, a Missouri limited liability company d/b/a BOSS
HOG CONTRACTING; and BOSS HOG
BARNDOMINIUMS LLC, an Indiana limited liability
company

---

*Attorneys for Plaintiffs:*
Ivan A. Sarkissian, #28817
Tyler M. Campbell, #51512
McConaughy & Sarkissian, P.C.
4725 S. Monaco Street, Suite 200
Denver, CO 80237
Telephone:    (303) 649-0999
Facsimile:    (303) 649-0990
isarkissian@mslawpc.com
tcampbell@mslawpc.com

</td><td>

DATE FILED
April 8, 2025 1:50 PM
FILING ID: 5379F89747FD1
CASE NUMBER: 2025CV30023

▲COURT USE ONLY▲

---

Case Number: _____

Division:        _____

</td></tr>
</table>

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF
COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT
AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

[X] This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:
By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.  [X] This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking     this box is optional.)

Dated this 8th day of April, 2025.

Respectfully submitted,

McCONAUGHY & SARKISSIAN
Professional Corporation

**SIGNATURE ON FILE WITH MCCONAUGHY & SARKISSIAN, P.C.**


By: */s/ Tyler M. Campbell*
      Ivan A. Sarkissian, #28817
      Tyler M. Campbell, #51512

*Attorneys for Plaintiffs*

| | |
|---|---|
| DISTRICT COURT, LAS ANIMAS COUNTY, COLORADO<br>200 E. 1st Street<br>Trinidad, CO 81082<br><br>---<br><br>**Plaintiffs:** STEVE WIGGINS, an individual; and BRANDILYNN GREIG, an individual<br><br>v.<br><br>**Defendants:** ENDLESS CONCEPTS CONTRACTING, LLC, a Missouri limited liability company d/b/a BOSS HOG CONTRACTING; and BOSS HOG BARNDOMINIUMS LLC, an Indiana limited liability company<br><br>---<br><br>*Attorneys for Plaintiffs:*<br>Ivan A. Sarkissian, #28817<br>Tyler M. Campbell, #51512<br>McConaughy & Sarkissian, P.C.<br>4725 S. Monaco Street, Suite 200<br>Denver, CO 80237<br>Telephone:    (303) 649-0999<br>Facsimile:    (303) 649-0990<br>isarkissian@mslawpc.com<br>tcampbell@mslawpc.com | DATE FILED<br>April 8, 2025 1:50 PM<br>FILING ID: 5379F89747FD1<br>CASE NUMBER: 2025CV30023<br><br><br><br>▲COURT USE ONLY▲<br><br>---<br><br>Case Number: _____<br><br>Division:         _____ |
| **COMPLAINT & JURY DEMAND** | |

    Plaintiffs, Steve Wiggins and BrandiLynn Greig, by and through their attorneys, McConaughy & Sarkissian, Professional Corporation, hereby submit their Complaint and Jury Demand as follows:

## PARTIES, JURISDICTION, AND VENUE

    1.    Plaintiffs, Steve Wiggins and BrandiLynn Greig ("Plaintiffs"), are the owners of the real property located at 22968 Elk Trail, Aguilar, Colorado 81020 (hereinafter "Property").

    2.    Defendant, Endless Concepts Contracting, LLC d/b/a Boss Hog Contracting

("Endless"), is registered as a limited liability company with the Missouri Secretary of State, with is principal place of business located at 21027 State Highway 76 Cassville, Missouri 65625-8920.

  3. Defendant, Boss Hog Barndominiums LLC ("Boss Hog"), is registered as a limited liability company with the Indiana Secretary of State, with is principal place of business located at 1297 Silver Ridge Lane, Brownsburg, Indiana, 46112.

  4. This Court has jurisdiction over this civil action pursuant to C.R.S. § 13-1-124(1)(a), (b), and (c) because the acts at issue here were committed in, and the Property at issue is located in, Las Animas County, Colorado. Venue is also proper in this judicial district pursuant to C.R.C.P. 98 since the Property is located in Las Animas County, Colorado.

  5. All conditions precedent to bringing this action have been performed, waived, or have otherwise been satisfied or has occurred.

  6. Plaintiffs have complied with C.R.C.P. 16.1 by filing a District Court Civil Cover Sheet for Initial Pleading of Complaint and Notice to Elect Exclusion from C.R.C.P. 16.1 Simplified Procedure. Plaintiffs further state that this case is not subject to the simplified procedures for court actions under C.R.C.P. 16.1 because their claims exceed $100,000.

## GENERAL ALLEGATIONS

  7. Plaintiffs entered into a General Contractor to Client Construction Agreement ("Agreement") with Endless on May 16, 2024, in which Defendant agreed to construct a home on the subject Property in accordance with the Contract Documents ("Project"), as defined therein.

  8. The Agreement provided that Endless would provide services, including the constriction of a full turn-key / move-in ready build to Plaintiffs' satisfaction.

  9. The Agreement further provided that Endless, as the contractor, would select and pay all supervisors and subcontractors to fulfill the services to completion.

  10. As part of the Agreement, Plaintiffs were to acknowledge that they agreed to hire Boss Hog to complete the general contracting for the Project and that this entity would provide a quote for completion of the Project.

  11. As part of the Agreement, Defendants represented that completion of the Project would be quick based on Defendants' retention of a qualified team and anticipated completion within one calendar year.

  12. Pursuant to this agreement, Defendants and their agents began construction on the Project in June 2024.

13.     After breaking ground, work on the project halted when Defendants and their agents were unable to source sufficient labor and contractors to continue work.

14.     Plaintiffs were informed that the contractor who started work on the Project was fired and that a new contractor would need to be sourced.

15.     After the original contractor was fired, it was discovered by both Plaintiffs and Defendants that said contractor had billed for work previously completed by Plaintiffs and at Plaintiffs' expense. Plaintiffs have received no credit for this fraudulent billing.

16.     A replacement contractor was not sourced by Defendants until the late fall of 2024.

17.     The replacement contractor alleged that all work performed by the initial contractor was done in a non-compliant manner and proceeded to demolition all work completed. During this demolition, the replacement contractor destroyed other work, outside the scope of the work performed by Defendants and their agents, including the destruction of the roadway and building pad constructed by Plaintiffs.

18.     Defendants' replacement contractor abandoned the Project after one week, leaving the work completed by Defendants and their agents, as well as the work completed by Plaintiffs, destroyed and unusable.

19.     Since the replacement contractor's abandonment of the Project, Defendants have refused to find additional contractors, repair the damage done, or meet with Plaintiffs regarding the damage caused.

20.     During this time, Defendants' provided financing is incurring interest, costs, and full repayment is coming due. With no useable work having been performed and no completed structure Plaintiff has been and will be damaged by Defendants lack of progress on the Project.

21.     Defendants, as general contractors, had a nondelegable duty to exercise reasonable control and supervision over all construction activities related to the Project and to act reasonably in selecting qualified contractors and subcontractors, and in quality checking and approving such work. They also had a nondelegable duty to ensure that such work was done in a good and workmanlike manner and in accordance with all applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements.

22.     Plaintiffs are informed, believe, and thereon allege that the work completed to date by Defendants and their agents breached these duties. Plaintiffs further allege that Defendants failed to act reasonably in their selection and oversight of contractors and subcontractors. Finally, Plaintiffs allege that the work completed to date by Defendants and their agents was not done in a good and workmanlike manner and in accordance with all applicable

plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements.

23.     As a result of the Defendants' failures to meet these obligations, Plaintiffs have sustained damages including, but not limited to, property damage, past and future repairs, mitigation costs, loss of use of all, loss of use of applicable product warranties, attorneys' fees, litigation costs, and other damages.

24.     Plaintiffs are informed, believe, and thereon allege that Defendants either knew or should have known that their failure to follow these reasonable standards and duties would result in significant damage to the Property and the Project, and that construction would not result in the Project being constructed in a good and workmanlike manner, that construction would not comply with applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements, and that construction would not be fit for its reasonably anticipated use.

25.     At all times relevant herein, Defendants knew or should have known that their failure to follow the applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements constituted adverse material facts and information that should have been disclosed to Plaintiffs. It was foreseeable to Defendants that Plaintiffs would rely upon statements, representations, concealments, and non-disclosures by Defendants.

26.     Plaintiffs are informed, believe, and thereon allege that Defendants participated in, cooperated with, directed, sanctioned, conceived, authorized, and/or otherwise implemented marketing and advertising that misrepresented its services, experience, and qualifications of that for themselves and their subcontractors in construction of like Projects. Specifically, Defendants represented or caused to be represented that they were qualified to supervise and construct the Project in conformance with the applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements. Defendants further represented that they offered everything under one roof, including financing, a skilled team to handle every aspect of construction, and a network of reliable builders.

27.     Plaintiffs are informed, believe, and thereon allege that Defendants misrepresented their quality, suitability, and qualifications of themselves and their agents. Plaintiffs are informed, believe, and thereon allege that Defendants misrepresented the quality, condition, suitability, and fitness of the work performed by them and their agents. The work that was completed at the Project was not done in compliance with the applicable plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements, was not constructed in a good and workmanlike manner, nor was it constructed to be suited for its reasonably anticipated use.

## FIRST CLAIM FOR RELIEF
(Negligence)

28.     Plaintiffs incorporate the allegations in paragraphs 1 through 27 as if fully set forth herein.

29.     Plaintiffs are informed, believe, and thereon allege that Defendants had a non-delegable duty to Plaintiffs to select qualified contractors and subcontractors, and supervise, improve, and construct the Project in a reasonable and non-negligent manner including, but not limited to, supervising, improving, and/or constructing the Residence according to all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements applicable to the construction of the Residence.

30.     Defendants' nondelegable duty of care included the duty to ensure that all construction was performed in a good and workmanlike manner and suited for its reasonably anticipated uses.

31.     Defendants breached their nondelegable duty to Plaintiffs by failing to select qualified subcontractors and/or by failing to properly supervise, improve, and/or construct the Project in a reasonable and non-negligent manner including, but not limited to, failing to supervise, improve, and/or construct the Project according to all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements applicable to the Project, and failing to design and construct the Project in a good and workmanlike manner, resulting in construction defects, non-compliant work, and damage to prior work.

32.     The negligence of Defendants in relation to the construction of the Project has damaged the Project and caused, and continues to cause, Plaintiffs resultant and consequential property and other damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Negligence *Per Se*)

33.     Plaintiffs incorporate the allegations in paragraphs 1 through 32 as if fully set forth herein.

34.     Defendants owed Plaintiffs a nondelegable duty to cause the Project to be developed and constructed in accordance with applicable statutes, ordinances, and building codes.

35.     Defendants violated these statutes, ordinances, and/or building codes by failing to develop and/or construct the Project in accordance with these statutes, ordinances, and/or building codes.

36.    One of the purposes of these statutes, ordinances, and building codes was to protect against the type of damages sustained by Plaintiffs.

37.    Plaintiffs are a member of the group of persons these statutes, ordinances, and building codes were intended to protect.

38.    Defendants' violation of these statutes, ordinances, and/or building codes constitutes negligence *per se*.

39.    Defendants' violation of these statutes, ordinances, and/or building codes damaged Plaintiffs in an amount to be proven at trial.

<u>**THIRD CLAIM FOR RELIEF**</u>
(Breach of Warranty)

40.    Plaintiffs incorporate the allegations in paragraphs 1 through 39 as if fully set forth herein.

41.    Defendants warranted to Plaintiffs that the Project would be built in a good and workmanlike manner, would fit for its intended use, would be free from defects, and comply with all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, and/or government agency requirements applicable to the construction of the Residence. These warranties were intended to benefit Plaintiffs.

42.    Defendants breached their warranties since the Project was not constructed in a workmanlike manner, is not suitable for its intended use, is not free from defects, and does not comply with all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, and/or government agency requirements applicable to the construction of the Residence.

43.    Because of the aforementioned breaches, Plaintiffs have and will continue to be damaged in an amount to be proven at trial.

<u>**FOURTH CLAIM FOR RELIEF**</u>
(Breach of Contract)

44.    Plaintiffs incorporate the allegations in paragraphs 1 through 43 as if fully set forth herein

45.    Plaintiffs contracted with Defendant, Endless, to serve as the general contractor for the Residence.

46.    Contained in the Agreement was an express intent to benefit Defendant, Boss Hog, as the Plaintiffs were obligated to hire "Boss Hog Barndominiums LLC to complete the general

contracting[.]"

47.     Defendants materially breached the Agreement by, among other things, failing to fulfill the entirety of the Agreement, failing to select qualified supervisors and subcontractors for the Project, failing to properly supervise the Project, and failing to complete the Project to the utmost satisfaction of the Plaintiffs.

48.     The damages incurred by Plaintiffs were proximately caused by Defendants' breach of the terms of the Agreement including, but not limited to, failure to comply with the Contract Documents, applicable codes, standards, and regulations, as well as to perform its work in a workmanlike manner.

49.     Defendants are directly or indirectly responsible and legally liable for the defects, deficiencies, and outright destruction of property that has caused, and continue to cause, actual property damage, resultant and consequently property and other damages, and all other losses requiring the necessity to repair or replace the defective and deficient work of Defendants as a direct result of its breach of the Agreement.

## FIFTH CLAIM FOR RELIEF
### (Negligent Misrepresentation or Nondisclosure)

50.     Plaintiffs incorporate the allegations in paragraphs 1 through 49 as if fully set forth herein.

51.     Defendants made representations or permitted representations to be made to Plaintiffs. Alternatively, Defendants failed to disclose or caused the failure to disclose certain material facts, as more fully set forth above, when Defendants had a duty to disclose these facts.

52.     Said misrepresentations and/or failures to disclose include, but are not limited to, the following:

   a.     Misrepresentations and/or failures to disclose information regarding the work being performed and to be performed would be done in a good and workmanlike manner;
   b.     Misrepresentations and/or failures to disclose information regarding the rate at which work would be performed and the timeframe for completion;
   c.     Misrepresentations and/or failures to disclose information regarding the qualifications of Defendants and their hands-on approach to the Project;
   d.     Misrepresentations and/or failures to disclose information regarding the network and qualifications of Defendants' contractors; and/or
   e.     Misrepresentations and/or failures to disclose information regarding the Defendants' ability to modify, delay or stall payments on the construction loan.

53.    These representations were made orally and/or in writing, including through advertising materials, sales documentation, and invocation of the "Boss Hog Barndominium brand" as a contract term.

54.    The representations made by Defendants were material and were, in fact, false. The Residence was not built in a good and workmanlike manner, according to plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, and/or government agency requirements applicable to the construction of the Residence, nor was it free from defects or built for its intended purpose. Moreover, Defendants and their contractors did not possess the experience or qualifications to construct the Residence, nor were they able to or intend to do so in the time frame represented.

55.    With reckless disregard, Defendants caused or permitted the foregoing information to be communicated to Plaintiffs or omitted proper communication to Plaintiffs while knowing that said information was material and that the representations were false or improperly withheld.

56.    Defendants had a duty to disclose the adverse material facts or information in an understandable and clear manner. Defendants' representatives were false and their failure to disclose adverse material facts or information was done with the intent that Plaintiffs would rely on such information.

57.    Defendants negligently failed to disclose this information when it knew or should have known that the undisclosed facts would have caused Plaintiffs to act different than they did.

58.    Plaintiffs reasonably relied on the information provided to them and reasonably relied on the fact that Defendants would provide them with adverse material facts or information. Because of said reliance, Plaintiffs have been and will continue to be damaged in an amount to be proven at trial.

59.    In causing or permitting the foregoing information to be communicated to Plaintiffs, Defendants failed to exercise reasonable care or competence in obtaining or communicating information to Plaintiffs and, in so doing, acted negligently.

60.    Plaintiffs reasonably relied on the information provided by Defendants. Because of said reliance, Plaintiffs have been and will be damaged in an amount to be proven at trial.

61.    As a result of Defendants' misrepresentations and/or nondisclosures, along with Plaintiffs' reliance thereon, Plaintiffs have been and will continue to be damaged in an amount to be proven at trial.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment enter against Defendants on their behalf and as applicable to the separate claims made against Defendants:

1.      For Plaintiffs' actual damages, costs of suit, fees of experts, including engineering and construction experts, interest as permitted by law from the date of occurrence to the date of entry of judgment, as well as pre-judgment and post-judgment interest until paid;

2.      For the cost of repairing the Project to a reasonably good condition;

3.      For the cost of the replacement of any defective construction elements;

4.      For the costs and expenses incurred for storage charges and cleaning costs incurred as a result of remediation;

5.      For damages related to Plaintiffs' loss of use of the Project;

6.      For the reasonable costs of rental during the reasonable periods of loss of use;

7.      For costs and attorneys' fees pursuant to any applicable statute, law or contract; and

8.      For all annoyance, discomfort, inconvenience, and aggravation arising from the injury to the Project and any required investigation and repair efforts.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 8th day of April, 2025.

Respectfully submitted,

McCONAUGHY & SARKISSIAN
Professional Corporation

SIGNATURE ON FILE WITH MCCONAUGHY & SARKISSIAN, P.C.

By: */s/ Tyler M. Campbell*
        Ivan A. Sarkissian, #28817
        Tyler M. Campbell, #51512

*Attorneys for Plaintiffs*

Plaintiffs' address:
22968 Elk Trail
Aguilar, CO 81020

| | |
|---|---|
| DISTRICT COURT, LAS ANIMAS COUNTY, COLORADO<br>200 E. 1ˢᵗ Street<br>Trinidad, CO 81082 | DATE FILED<br>April 8, 2025 1:50 PM<br>FILING ID: 5379F89747FD1<br>CASE NUMBER: 2025CV30023 |

**Plaintiffs:** STEVE WIGGINS, an individual; and BRANDILYNN GREIG, an individual

v.

**Defendants:** ENDLESS CONCEPTS CONTRACTING, LLC, a Missouri limited liability company d/b/a BOSS HOG CONTRACTING; and BOSS HOG BARNDOMINIUMS LLC, an Indiana limited liability company

**▲COURT USE ONLY▲**

Case Number: _____

Division: _____

*Attorneys for Plaintiffs:*
Ivan A. Sarkissian, #28817
Tyler M. Campbell, #51512
McConaughy & Sarkissian, P.C.
4725 S. Monaco Street, Suite 200
Denver, CO 80237
Telephone:    (303) 649-0999
Facsimile:    (303) 649-0990
isarkissian@mslawpc.com
tcampbell@mslawpc.com

**DISTRICT COURT CIVIL SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT:**

ENDLESS CONCEPTS CONTRACTING, LLC d/b/a BOSS HOG CONTRACTING
c/o Amanda Ross, Registered Agent
21027 State Highway 76
Cassville, MO 6562-8920

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other

response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee. If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

        Dated this 8th day of April, 2025.

                        Respectfully submitted,

                        McCONAUGHY & SARKISSIAN
                        Professional Corporation

                        SIGNATURE ON FILE WITH MCCONAUGHY & SARKISSIAN, P.C.


                        By: */s/ Tyler M. Campbell*_____
                            Ivan A. Sarkissian, #28817
                            Tyler M. Campbell, #51512

                        *Attorneys for Plaintiffs*

DATE FILED
April 8, 2025 1:50 PM
FILING ID: 5379F89747FD1
CASE NUMBER: 2025CV30023

DISTRICT COURT, LAS ANIMAS COUNTY,
COLORADO
200 E. 1st Street
Trinidad, CO 81082

**Plaintiffs:** STEVE WIGGINS, an individual; and
BRANDILYNN GREIG, an individual

v.

**Defendants:** ENDLESS CONCEPTS CONTRACTING,
LLC, a Missouri limited liability company d/b/a BOSS
HOG CONTRACTING; and BOSS HOG
BARNDOMINIUMS LLC, an Indiana limited liability
company

▲COURT USE ONLY▲

Case Number: _____

Division:        _____

*Attorneys for Plaintiffs:*
Ivan A. Sarkissian, #28817
Tyler M. Campbell, #51512
McConaughy & Sarkissian, P.C.
4725 S. Monaco Street, Suite 200
Denver, CO 80237
Telephone:     (303) 649-0999
Facsimile:      (303) 649-0990
isarkissian@mslawpc.com
tcampbell@mslawpc.com

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:**

BOSS HOG BARNDOMINIUMS LLC
c/o United States Corporation Agents, Inc., Registered Agent
8520 Allison Pointe Boulevard, Ste. 220
Indianapolis, IN 46250

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an
answer or other response to the attached Complaint.  If service of the Summons and Complaint
was made upon you within the State of Colorado, you are required to file your answer or other

response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee. If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

       Dated this 8th day of April, 2025.

                    Respectfully submitted,

                    McCONAUGHY & SARKISSIAN
                    Professional Corporation

                    **SIGNATURE ON FILE WITH MCCONAUGHY & SARKISSIAN, P.C.**

                    By: */s/ Tyler M. Campbell*
                        Ivan A. Sarkissian, #28817
                        Tyler M. Campbell, #51512

                    *Attorneys for Plaintiffs*





SHERIFF KERRY J. FORESTAL
MARION COUNTY CIVIL SHERIFF'S OFFICE
JUDICIAL ENFORCEMENT DIVISION
695 JUSTICE WAY ATTN: CIVIL PROCESS
INDIANAPOLIS, IN. 46203
317-327-2461

### AFFIDAVIT OF RECORD OF SERVICE

DATE FILED
May 2, 2025 1:35 PM
FILING ID: 2486700A6F28E
CASE NUMBER: 2025CV30023

CAUSE NUMBER 25CV030023                          CASE TYPE

SERVICE FOR United States Corporation Agents

Sgt Stinson , being duly sworn on his oath states that he/she is an authorized Deputy Sheriff for the County of Marion, State of Indiana. Affiant further states that he/she is not a party to this action or related to any party thereto. Affiant further states that he/she has reviewed the records of Marion County Sheriff's Office and can state those records reflect that the legal papers were served/not served in the following manner:

☐ **PERSONAL SERVICE**
Served legal papers by reading to X_____ and delivering to
him/her a true copy of the same.
___Refused Signature

☐ **COPY 1**
Left on the door of the residence
___Mailed

☐ **COPY 2**
Left with 16yrs/older X_____ Relationship_____
___Refused Signature

☐ **COPY 3**
Left at Place of Employment with X_____ Title_____
___Refused Signature

☒ **CORPORATE SERVICE ON BUSINESS**
Served X _____ TITLE of said corporation (Virtual) Office
___Refused Signature                                                                    by Design

☐ **Made a diligent search to the within named defendant(s), he/she was NOT FOUND due to:**
☐ NF1 - Vacant_____ or Invalid Address _____
☐ NF2 - Address is not in Marion County
☐ NF3 - All other reasons_____
☐ NF4 - Return After 3 Attempts for **Personal Service Only**
☐ NF5 – No Longer Employed at Address Given

☒ Served ☐ Not Served at:
8520 Allison Pointe Boulevard st 220, 46250 on this 22 day
of April 20 25 at 1211

Kerry J. Forestal
Sheriff of Marion County, Indiana

By Dep _____ /5341
Deputy Sheriff

LARRELL ALEXANDER
Notary Public, State of Indiana
Marion County
Commission Number NP0751826
My Commission Expires
September 25,2031

Notary Seal

Sworn to and subscribed to before me, a Notary Public, in and for Marion County, Indiana on this 25 day of April 20 25

_____
Notary Public Signature                          9-25-31
                                                 Commission Expiration Date

# Barry County Sheriff's Office

94 Barry County Drive, Cassville, MO 65625

## RETURN OF SERVICE

Case Number

2025CV030023

Court

ASSOCIATE

21 DAYS

Party to be Served

ROSS, AMANDA

Address

21027 STATE HWY 76, CASSVILLE, MO 65625

Work Address

Expiration Date

05/09/2025

Type of Document

SUMMONS

Zone

DATE FILED
May 9, 2025 9:48 AM
FILING ID: F3BE9590DE66F
CASE NUMBER: 2025CV30023

Posting authorized

Posted property

Posted public place

Actual Party Served          *Amanda Ross*

Relationship/title           *5-1-2025*

Date of Service              *5-1-2025*

Time of Service              *1550 Hrs.*

Reason Not Served            *Served*

(Comments)

Signature     *M McGuire #81*          DSN     *81*

Print Name    *Mike McGuire*

**Service Fee**  _____    **Mileage**  _____   **(optional)**

**Posting Fee**  _____

**Total**  _____

© 1994 - 2025 Omnigo Software St. Louis MO  omnigo.com

# Barry County Sheriff's Office

### 94 Barry County Drive, Cassville, MO 65625

## Case Report

| Case Name<br>**DISTRICT COURT, LA ANIMAS COUNTY COLORADO VS.**<br>**WIGGINS, STEVE & GREIG, BRANDILYNN**<br>**21 DAYS** | | | Case Number<br>**N/A** | | | |
|---|---|---|---|---|---|---|

| Service Record Number<br>**34078** | Date Received<br>**04/25/2025** | Date Expired<br>**05/09/2025** | Return Type | Return Date | Return Description |
|---|---|---|---|---|---|

| Service Requested By<br>**MCCONAUGHTY & SARKISSIAN** | | Case Type<br>**SUMMONS** | | Disposition |
|---|---|---|---|---|

| Return To<br>**LAS ANIMAS** | | Circuit<br>**LAS ANIMAS** | | | |
|---|---|---|---|---|---|

| Party to be Served<br>**ROSS, AMANDA** | Posted Property | Posted Public Place | Served Y/N<br>**NO** | Service Fee<br>**30.00** | Mileage Fee<br>**0.00** |
|---|---|---|---|---|---|

Cautions

Special Instructions

Additional Notes

| **Service Attempts** | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | ID Number | Name | | Start Time | End Time | Total | Miles | Served |
| Defendant was Served | Actual Party Served | | Relationship to Defendant | | Location Served | | |

| **DEFENDANT Person** | | | | |
|---|---|---|---|---|
| Last Name<br>**ROSS** | First Name<br>**AMANDA** | Middle Name | Suffix | |
| Date of Birth | Gender | Social Security Number | | |
| Caution | | | | |
| Employer | | Employer Phone | Ext/PIN | |
| Employer Address | City | State | Zip | Country |

| **Addresses** | | | | | |
|---|---|---|---|---|---|
| Type | Street Address | City | State | Zip Code | Country |
| | **21027 STATE HWY 76** | **CASSVILLE** | **MO** | **65625** | |

Authorized Signature

Date  5/1/2025

# Barry County Sheriff's Office

### 94 Barry County Drive, Cassville, MO 65625

## SERVICE SHEET

| Case Number<br>**N/A** | Case Name<br>**DISTRICT COURT, LA ANIMAS COUNTY<br>COLORADO VS. WIGGINS, STEVE & GREIG,<br>BRANDILYNN** | Service Record<br>**34078** |
|---|---|---|

| Service Requested By<br>**MCCONAUGHTY & SARKISSIAN** | Case Type<br>**SUMMONS** | |
|---|---|---|
| Description<br>**21 DAYS** | Received Date<br>**04/25/2025** | Expiration Date<br>**05/09/2025** |

**Party to be Served**

Name  **ROSS, AMANDA**                  License No.                          SSN

DOB                    Race                Sex            Hair                    Eyes

Address    **21027 STATE HWY 76, CASSVILLE, MO 65625**

Phone

Employer

Address

Phone

**Cautions:**

**Special Instructions:**

## Service Attempts

| Date/Time | DSN | Comments |
|---|---|---|
| 5-1 1550 | 81 | Served |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

© 1994 - 2025 Omnigo Software St. Louis MO  omnigo.com