UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 1:25-cv-01626

STEVE WIGGINS, an individual,
and BRANDILYNN GREIG, an
individual,

Plaintiffs,

v.

ENDLESS CONCEPTS
CONTRACTING, LLC, a Missouri
limited liability company d/b/a
BOSS HOG CONTRACTING; and
BOSS HOG BARNDOMINIUMS
LLC, an Indiana limited liability
company,

Defendants.

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants Endless Concepts Contracting LLC d/b/a Boss Hog Contracting ("Endless Concepts") and Boss Hog Barndominiums LLC ("Boss Hog") (collectively, "Defendants") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I, II, and V of Plaintiffs', Steve Wiggins and BrandiLynn Grieg, Complaint (Dkt. No. 4) with prejudice (the "Motion") and to dismiss Counts III and IV of Plaintiffs' Complaint with prejudice as to defendant Boss Hog. In support, Defendants state as follows:

**INTRODUCTION**

This dispute arises from the construction of a "barndominium" on real property located at 22968 Elk Trail, Aguilar, Colorado 8120 (the "Property"). Plaintiffs, Steve Wiggins and

BrandiLynn Greig (collectively, "Plaintiffs"), commenced this action on April 8, 2025 by filing a Complaint & Jury Demand (the "Complaint") asserting five (5) claims for relief against Defendants: negligence, negligence per se, breach of warranty, breach of contract, and negligent misrepresentation or nondisclosure. (*See* Complaint at Dkt. # 4). Plaintiffs fail to state a claim with respect to several of these actions for multiple reasons. In summary:

- Plaintiffs' First and Second Claims for Relief should be dismissed as to Endless Concepts because the economic loss rule prohibits tort claims arising from a contractual duty.

- Plaintiffs' Second Claim for Relief should be dismissed as to both Defendants for failure to meet basic pleading requirements on a Negligence *Per Se* claim.

- Plaintiffs' Fifth Claim for Relief should also be dismissed as to both Defendants for failure to meet basic pleading requirements on a claim for Negligent Misrepresentation or Nondisclosure.

- Plaintiffs' Third and Fourth Claims for Relief should be dismissed as to Boss Hog because Plaintiffs lack privity to maintain breach of contract or breach of warranty claims against Boss Hog.

For these reasons and those set forth more fully below, the Court should grant the Motion and dismiss Plaintiffs' Complaint.

**RELEVANT BACKGROUND**

Plaintiffs own the Property. (Dkt. # 4 at ¶ 1). Plaintiffs entered into a "General Contractor to Client Construction Agreement" (the "Agreement") with Endless Concepts on May 16, 2024, for the construction of a home on the Property (the "Project"). (*Id*. at ¶ 7-8). Plaintiffs do not allege having any direct contractual relationship with Boss Hog. The Agreement provided that Endless Concepts, as the contractor, would select all supervisors and subcontractors to perform the services. (*Id*. at ¶¶ 8-9). Plaintiffs further agreed that Boss Hog would perform general contractor services for the Project. (*Id*. at ¶ 10). According to Plaintiffs, the Project was anticipated to be

completed within one calendar year. (*Id*. at ¶ 11). Less than eleven (11) months after executing the Agreement, Plaintiffs filed this lawsuit.

## LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this requirement, the complaint must (1) describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggest that the plaintiff has a right to relief above a speculative level. *See Iqbal*, 129 S. Ct. at 1949; *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

While the Court must accept as true well-pleaded facts, it "need not accept a party's legal conclusions, and a party cannot defeat a motion to dismiss with '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" do not suffice to defeat a motion to dismiss for failure to state a claim. *VDARE Found. v. City of Colorado Springs,* 449 F. Supp. 3d 1032, 1040 (D. Colo. 2020), aff'd, 11 F.4th 1151 (10th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Indeed, "[w]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

**I.      Plaintiffs' First (Negligence) and Second (Negligence *Per Se*) Claims for Relief Should Be Dismissed with Prejudice as to Endless Concepts Per the Economic Loss Rule**

In their First and Second Claims for Relief, Plaintiffs assert tort claims against Endless Concepts for negligence and negligence *per se* notwithstanding the existence of the Agreement governing Endless Concepts' performance on the Project. Both claims are barred by the economic loss rule. In Colorado, the economic loss rule is generally meant to "maintain the boundary between contract law and tort law," and holds that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1259, 1264 (Colo. 2000). The determination of whether the economic loss rule applies to bar a tort action turns not on whether the damages sought are physical or economic, but on "the source of the duty that forms the basis of the action."[1] *Id*. at 1262.

To that end, the Colorado Supreme Court "has identified three factors that aid in determining whether the duty allegedly breached is independent of the parties' contract: (1) whether the relief sought in tort is the same as the contractual relief; (2) whether there is a recognized common law duty of care; and (3) whether the tort duty differs in any way from the contractual duty." *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 293 (Colo.

---

[1] For this reason, the Colorado Supreme Court has commented that a more accurate title for this rule would be the "independent duty rule" rather than the "economic loss rule." *Id*. at 1262, n. 8.

4

App. 2009). Each of these factors demonstrates that the duty Endless Concepts allegedly breached here arises from – and is not independent of – the Agreement.

As to the first factor, the relief Plaintiffs seek on all their actions, whether in tort or contract, is identical. Specifically, Plaintiffs' Complaint includes a prayer for relief encompassing all claims asserting entitlement to repair and/or replacement costs, loss of use damages, rental costs, attorneys fees and litigation costs. (*See* Dkt. # 4 at Prayer for Relief, ¶¶ 1-8). This factor, thus, weighs in favor of applying the economic loss rule.

As to the second factor, regardless of whether Endless Concepts had any common law duty of care in connection with the construction of the Project, such duty only existed because of the parties' Agreement. In these circumstances, this second factor also weighs in favor of applying the economic loss rule. *See Hamon*, 229 P.3d at 294 (holding that although there is a common law duty to refrain from deliberate concealment or misrepresentation of material facts, such duty only existed as to the issue at bar due to the parties' contracts).

As to the third factor, Endless Concepts' alleged tort duty does not differ in any way from its alleged contractual duty. In their First and Second Claims for Relief, Plaintiffs allege Defendants had a common law duty to (i) perform the work in a good and workmanlike manner and suited for its reasonably anticipated uses, (ii) select qualified contractors and subcontractors, and (iii) supervise, improve, and construct the Property in a reasonable manner including in accordance with all plans, specifications, design professionals' recommendations, manufacturers' installation instructions, building codes, industry standards, and government agency requirements application to the construction of the Property. (Dkt. # 4 at ¶¶ 29, 30, 34). Plaintiffs allege Endless Concepts had these same duties, nearly verbatim, in their Third and Fourth Claims for Relief for

5

breach of warranty and breach of contract, respectively. (Dkt. # 4 at ¶¶ 41, 47, 48). Because there is no difference between these alleged duties, the economic loss rule bars Plaintiffs' tort based First and Second Claims for Relief for negligence and negligence *per se*. *See Sterling Const. Mgmt., LLC v. Steadfast Ins. Co.*, 2010 WL 3720064, at *3 (D. Colo. Sept. 12, 2010) (entering judgment on the pleadings and dismissing negligence claims based on economic loss rule because contract duty to perform work in a good and workmanlike manner in accordance with industry standards and applicable laws was identical to tort duty to act with reasonable care); *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 74 (Colo. 2004) (holding economic loss rule barred plaintiff's negligence claim on basis that contract duty to comply with standards of care, skill and diligence of competent professionals performing similar work was identical to tort duty calling for the exercise of reasonable care).

All told, Plaintiffs' First and Second Claims for Relief against Endless Concepts are contract actions disguised with tort labels. As demonstrated by review of the Colorado Supreme Court's governing factors, these are the precise claims the economic loss rule is intended to bar. Plaintiffs' First and Second Claims for Relief against Endless Concepts should be dismissed with prejudice.

**II.    Plaintiffs Fail to State a Negligence *Per Se* Claim Against Either Defendant**

Plaintiffs' Second Claim for Relief (Negligence *Per Se*) should be dismissed as to both Defendants for the additional reason that they fail to meet basic pleading requirements. To state a claim for negligence *per se*, Plaintiffs must establish: (1) Defendants violated a statute; (2) the statute was adopted to protect public safety; (3) Plaintiffs are members of the class of persons whom the statute was intended to protect; and (4) Plaintiffs' injuries are of the kind that the statute

6

was intended to prevent. *See Cross v. Receivables Mgmt. Sols., Inc.*, 2006 WL 446083, at *6 (D. Colo. Feb. 21, 2006); *see also Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colorado v. Brown Grp. Retail, Inc.*, 598 F. Supp. 2d 1185, 1194 (D. Colo. 2009) ("Under Colorado law, 'negligence *per se* occurs when the defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury. To recover, the plaintiff must also demonstrate that the statute was intended to protect against the type of injury she suffered and that she is a member of the group of persons the statute was intended to protect.'") quoting *Scott v. Matlack, Inc.,* 39 P.3d 1160, 1166 (Colo.2002). This Court has dismissed negligence *per se* claims for failing to plead these elements with specificity. *See Bd. of Cnty. Comm'rs of Cnty. of La Plata, Colorado v. Brown Grp. Retail, Inc.*, 598 F. Supp. 2d 1185, 1194 (D. Colo. 2009) (holding plaintiff failed to state a claim for negligence *per se* where she, among other things, failed to identify any requirement of the Skier Safety Act that the defendant violated).

In their Second Claim for Relief, Plaintiffs plead several (but not all) of these elements in formulaic, conclusory fashion. (Dkt. # 4 at ¶¶ 34-39). These allegations are exactly the sort of "[t]hreadbare recitals of the elements of a cause of action" that are deemed insufficient to state a claim. *VDARE Found. v. City of Colorado Springs,* 449 F. Supp. 3d 1032, 1040 (D. Colo. 2020), aff'd, 11 F.4th 1151 (10th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Among other things, Plaintiffs fail to even identify what statute(s) Defendants allegedly violated or what conduct of Defendants violated such statute(s), much less identify the requirement of the statute(s) at issue, as the plaintiff failed to do in *Brown Grp. Retail*. Moreover, because Plaintiffs cannot identify any particular statute that Defendants violated, they also cannot (and do not) allege that any such statute was adopted to protect public safety – a required element of a negligence *per se* action. *Cross*,

7

2006 WL 446083, at *6; *Brown Grp. Retail, Inc.*, 598 F. Supp. 2d at 1194. Therefore, for these additional reasons, Plaintiffs fail to state a claim for negligence *per se*.

### III.    Plaintiffs Fail to State a Negligent Misrepresentation Claim Against Either Defendant

Plaintiffs' Fifth Claim for Relief asserts an action against both Defendants for Negligent Misrepresentation or Nondisclosure. "To state a negligent misrepresentation claim, a complaint must allege that (1) in the course of the defendants' business, profession, or employment; (2) the defendants made a misrepresentation of a material fact; (3) without reasonable care; (4) for the guidance of the plaintiff in the plaintiff's business transactions; (5) with knowledge that the representation would be relied upon by the plaintiff; and (6) the plaintiff justifiably relied on the misrepresentation to his detriment." *Am. Est. & Tr. v. Vonfeldt*, 2022 WL 22928019, at *5 (Colo. App. June 16, 2022). Plaintiffs' fail to plead one of these elements altogether and its attempts to plead at least two other elements are conclusory and bereft of sufficient facts.

####    A.    *Plaintiffs' Allegations that Defendants Misrepresented Material Facts are Insufficient and Inactionable*

Plaintiffs allege both Defendants made numerous "misrepresentations and/or failures to disclose information regarding" various topics, namely that work "would be" performed in a good and workmanlike manner, in a certain timeframe, and with qualified contractors. (Dkt. #4 at ¶ 52). Besides stating the general subject matter of these topics, however, Plaintiffs provide no facts establishing who made/received the misrepresentation, when the misrepresentation was made, why the misrepresentation was material, or the actual content of the misrepresentation.[2] These

---

[2] Plaintiffs do allege that "[t]hese representations were made orally and/or in writing, including through advertising materials, sales documentation, and invocation of the 'Boss Hog Barndominimum brand' as a contract term." (*Id.* at ¶ 53). As an initial matter, an alleged failure to perform consistent with a contract term, of course, forms the basis of a breach of contract action, not a negligent misrepresentation claim.

8

allegations could never meet the heightened pleading requirements of Federal Rule of Civil Procedure 9, which this Court has applied to negligent misrepresentation claims. *1881 Extraction Co. LLC v. Kiinja Corp.*, 660 F. Supp. 3d 1059, 1075 (D. Colo. 2023) ("Courts in this District have applied the heightened pleading requirements of Rule 9 to both fraudulent and negligent misrepresentation claims ... and Plaintiff's omission of sufficient factual allegations that its reliance on [the subject] representations caused its damages warrants dismissal of its misrepresentation claims against these Defendants.").

The alleged misrepresentations are not actionable in any event. Under well-established Colorado law, "a claim of negligent misrepresentation cannot be based solely on the nonperformance of a promise to do something at a future time." *High Country Movin', Inc. v. U.S. W. Direct Co.*, 839 P.2d 469, 471 (Colo. App. 1992); *Branscum v. Am. Cmty. Mut. Ins. Co.*, 984 P.2d 675, 680 (Colo. App. 1999) ("A claim for negligent misrepresentation applies only if there has been a misrepresentation of an existing fact. Such claim cannot be based solely on the nonperformance of a promise to do something at a future time."). Here, Plaintiffs allege Defendants represented their work "would be" done in a certain manner and timeframe, and that these representations were false because the Project was not built in a good and workmanlike manner or in the represented timeframe. (Dkt. #4 at ¶¶ 52, 54). These allegations cannot form the basis of a negligent misrepresentation claim.[3]

---

[3] Perhaps for that reason, Plaintiffs include an allegation Defendants were not able to and did not intend to perform the work in the time frame represented. However, a promise to perform a future act coupled with a present intention not to fulfill the promise is only actionable as fraudulent misrepresentation, not negligent misrepresentation. *Snyder v. Beam Techs., Inc.*, 2021 WL 4947295, at *15-16 (D. Colo. Aug. 16, 2021). To the extent Plaintiffs allege fraudulent misrepresentation, these allegations fall far short of Rule 9 pleading requirements.

Nor can Defendants' alleged misrepresentations that its contractors "possess[ed] the experience or qualifications to construct the [Project]." (Dkt. #4 at ¶ 54). *See Mehaffy, Rider, Windholz & Wilson v. Cent. Bank Denver, N.A.*, 892 P.2d 230, 237 (Colo. 1995) ("Expressions of opinion cannot support a misrepresentation claim."); *Burman v. Richmond Homes Ltd.*, 821 P.2d 913, 921 (Colo. App. 1991) ("A mere expression of an opinion as to the happening of a future event is not actionable."); *Athena Botanicals, LLC v. Green Earth Techs., L.L.C.*, 2024 WL 1257407, at *9 (D. Colo. Mar. 25, 2024) (interpreting representation that an individual "was very familiar" with a machine as a statement of opinion, not a representation of fact, that could not support a negligent misrepresentation claim).

In all, Plaintiffs failed to allege the "misrepresentation of a material fact" element with sufficient facts to meet basic pleading standards (let alone the heightened specificity required by Rule 9), and the alleged misrepresentations at issue cannot support a claim for negligent misrepresentation under Colorado law in any event.

> B. *Plaintiffs Fail to Allege Defendants Made the Purported Misrepresentations for the Guidance of Plaintiffs in Plaintiffs' Business Transactions*

Plaintiffs simply do not plead the required element of a negligent misrepresentation claim that Defendants made the subject misrepresentation for the guidance of the plaintiff in the plaintiff's business transactions. Plaintiffs' Fifth Claim for Relief should fail for this additional, basic reason.

> C. *Plaintiffs' Allegations of Reliance are Insufficient*

Plaintiffs allege they "reasonably relied on the information provided by Defendants" and "[b]ecause of said reliance, Plaintiffs have been and will continue to be damaged…." (Dkt # 4 at ¶¶ 58, 60). Plaintiffs set forth no facts regarding what action(s) or inaction(s) they took in such

10

purported reliance on any information provided by Defendants. Thus, as with the "misrepresentation of a material fact" element, Plaintiffs fail to set forth sufficient factual detail to support the conclusion that they relied on any purported misrepresentation to their detriment.

For any one of these separate and independent reasons, Plaintiffs fails to state a claim for negligent misrepresentation and their Fifth Claim for Relief should be dismissed.

**IV.     Plaintiffs' Third (Breach of Warranty) and Fourth (Breach of Contract) Claims for Relief Should Be Dismissed With Prejudice as to Boss Hog For Lack of Privity of Contract**

In their Third and Fourth Claims for Relief, Plaintiffs assert actions against both Defendants for breach of warranty and breach of contract. These claims should be dismissed with prejudice as to Boss Hog for lack of privity of contract. Plaintiffs do not allege any contract between themselves and Boss Hog. Instead, Plaintiffs seem to assert Boss Hog was a third-party beneficiary of the Agreement. Specifically, Plaintiffs allege the Agreement contained an express intent to benefit Boss Hog as the Agreement contemplated Boss Hog performing general contractor services on the Project. (Dkt. # 4 at ¶¶ 10, 46).

A third-party beneficiary, however, is just that —a *beneficiary*, not an *obligor*. *See, e.g., E. Meadows Co., LLC v. Greeley Irr. Co.*, 66 P.3d 214, 217 (Colo. App. 2003) ("In determining whether a party is a third-party beneficiary: [t]he key question is the intent of the parties to the actual contract to confer **a benefit** on a third party.") (internal citations omitted) (emphasis added). Accordingly, "[a] third-party beneficiary is a person not a party to an express contract who nevertheless **may bring an action** on the contract if the parties to the agreement intended to benefit the third party…." *S K Peightal Eng'rs, LTD v. Mid Valley Real Est. Sols. V, LLC*, 2015 CO 7, ¶ 7 (internal quotations and citations omitted) (emphasis added). While a third-party beneficiary "may

11

bring an action on the contract," there is no authority under Colorado law allowing a party to bring an action *against* the third-party beneficiary on the contract. *See Robinson v. Coon*, 2022 WL 22922695, at *1 (Colo. App. Nov. 17, 2022) citing G.H. Treitel, *The Law of Contract* 538 (8th ed. 1991) ("[A] person cannot acquire rights **or be subject to liability** arising under a contract to which he is not a party.") (emphasis added). Therefore, Plaintiffs' Third and Fourth Claims for Relief should be dismissed with prejudice as to Boss Hog. *See Forest City Stapleton Inc. v. Rogers*, 2017 CO 23, ¶¶ 10, 13, 19 (holding "a claim for breach of an implied warranty is a contract claim and must therefore be analyzed according to contractual principles," and ultimately dismissing breach of implied warranty claim for lack of privity of contract).

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this Motion and enter an order dismissing Counts I, II, and V of the Complaint with prejudice and to dismiss Counts III and IV of the Complaint with prejudice as to defendant Boss Hog. and for such other relief the Court deems just and equitable.

Dated: June 19, 2025                                             Respectfully Submitted,

**Endless Concepts Contracting LLC d/b/a Boss Hog Contracting and Boss Hog Barndominiums LLC**

*/s/ Chris J. Chasin*
One of their Attorneys

Chris J. Chasin
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60303
T: (312) 499-6700
F: (312) 499-6701

E: CJChasin@duanemorris.com

Case No. 1:25-cv-01626-GPG-MDB   Document 14   filed 06/19/25   USDC Colorado   pg 13 of 14

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 19, 2025, he caused the foregoing document to be filed and served via the Court's ECF system on the following counsel of record:

Ivan A. Sarkissian
Tyler M. Campbell
McConaughy & Sakissian, P.C.
4725 S. Monaco Street, Suite 200
Denver, CO 80237
Telephone: (303) 649-0999
Fax: (303) 649-0990
isarkissian@mslawpc.com
tcampbell@mslawpc.com
*Attorneys for Plaintiffs*

                */s/ Chris J. Chasin*
                Chris J. Chasin

14